John Donahue *vs.* Town Council of Cumberland.

PROVIDENCE—MARCH 27, 1903.

Present:  Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Appeals.   Police Constables.   General and Special Statutes.*

Pub. Laws cap. 495, passed April 30, 1897, providing that, upon charges made in writing, and after notice and opportunity to be heard, the town council may remove members of the paid police department for misconduct or incapacity of such character as the town council may deem a disqualification for the office, is a special act conferring definite powers

upon the town council, and is not controlled by Gen. Laws cap. 248, relating to appeals from orders or decrees of town councils.

(2)  *Legislative and Judicial Functions.  Police Officers.  Appeal.  Certiorari.*

The definition of the qualifications of a police officer is a legislative, not a judicial, function; and settling the qualifications of such officers, when left to local authorities, is not subject to appeal:—

*Semble*, that any irregularity in the action of the town council may be corrected by *certiorari*.

APPEAL from an order of the town council of Cumberland dismissing a police officer from office.  The statute referred to is as follows:  "The town council of the town of Cumberland may appoint so many and such police constables for special duties, including a chief of police, as may from time to time be. determined upon, and may at any time suspend any such officer from his office upon charges of official misconduct or incapacity preferred by the chief of police: *Provided, however*, that the members of the paid police department of said town, including those now already appointed, shall not be subject to removal from office at any time, except for misconduct or incapacity of such a character as the town council may deem a disqualification for said office, but all such removals shall be by the town council upon charges made in writing and of which the officer complained of shall have had notice and opportunity to be heard thereon."

Heard on motion to dismiss, and motion granted.

PER CURIAM.  We think that the discretion conferred upon the town council of Cumberland, by chapter 495 of the Public Laws, is final.

(2)    The statute provides that, upon charges made in writing and after notice and opportunity to be heard, the town council may remove certain officers "for misconduct or incapacity of such character as the town council may deem a disqualification" for the office.  The definition of the qualifications of a police officer is a legislative, not a judicial, function; and the settling the qualifications is as much a part of the act of the town council as the decision whether. or not the person in question possesses them.  From the nature of this power, no appellate court can

exercise it.   The appointment and removal of subordinate offi-
cers employed in the administration of the town government
involves so large an element of personal choice that it must of
necessity be left to local authority.   If there is any irregularity
in the action of the council, it may be corrected by *certiorari;*
but we cannot believe that the general words of chapter 248,
relating to orders or decrees of courts of probate and town coun-
cils, were intended to apply to such a` case as the present.

(1)     Chapter 495 was passed subsequently to the provisions of the
general statutes concerning appeals, and is a special act con-
ferring definite powers upon the town council of Cumberland.
Their resolution in this case differs from such orders and de-
crees of town councils as could have been in the mind of the
legislature when the general statute was passed.

*John M. Brennan and Thomas F. Vance,* for appellants.
*Comstock & Gardner,* for appellees.